Gants, C.J.
(concurring, with whom Lenk and Budd, JJ., join). I agree with the court, for all the reasons given by the court, that under Massachusetts law the terms of the 1983 Trust empower its trustees to decant its assets to a trust newly created by the trustees. I write separately to emphasize what we did not decide in answering the reported questions certified to us by the Connecticut Supreme Court: whether Massachusetts law will permit trustees in Massachusetts to create a new spendthrift trust and decant to it all the assets from an existing non-spendthrift trust where the sole purpose of the transfer is to remove the trust’s assets from the marital assets that might be distributed to the beneficiary’s spouse in a divorce action.
The Connecticut Supreme Court held that, under Connecticut law, the public policy that would prevent one spouse during a divorce proceeding from transferring marital assets to deprive the other spouse of those assets did not apply here because it was undisputed that the beneficiary husband did not have a role in creating the new 2011 Trust or in decanting the assets from the 1983 Trust to the 2011 Trust. Ferri v. Powell-Ferri, 317 Conn. 223, 233-234 (2015). The trial court had found that the trustees of the 1983 Trust, one of whom was the husband’s brother, did not consult with the husband before taking these steps to frustrate the wife’s equitable claim to these assets. Our opinion, because it simply answered certified questions from another State Supreme Court, appropriately did not address whether we would find the creation of a new spendthrift trust intended solely to deprive the beneficiary’s spouse of marital assets during a divorce proceeding through a decanting to be invalid as contrary to public policy under Massachusetts law.
Under the Massachusetts Uniform Trust Code, G. L. c. 203E, § 404, “A trust may be created only to the extent its purposes are lawful and not contrary to public policy.” Where, as here, the trustees created a new spendthrift trust for the sole purpose of *665 decanting the assets of an earlier trust that, at least in part, would be included within the marital assets available for distribution during a divorce proceeding, § 404 would require us to consider whether the creation of the new spendthrift trust was contrary to public policy.
Before the enactment of § 404, we held under our common law that a trust is void when it is contrary to public policy. See Perkins v. Hilton, 329 Mass. 291, 294-295 (1952) (trust for mother’s benefit was “illegal and invalid” where it was part of attempt by defendant to obtain special benefits of servicemen’s readjustment act to which only veterans are entitled, and was “in effect a fraud upon the act and contrary to public policy”); Otis v. Prince, 10 Gray 581, 581 (1858) (trust that required trustee to pay net income from trust to testator’s grandson only “so long as he shall remain unmarried” was void as contrary to public policy). See generally Restatement (Third) of Trusts § 29 (2003) (“An intended trust or trust provision is invalid if its purpose or performance is unlawful or against public policy”).
Similarly, under our common law of contract, we have declared that “it is a principle universally accepted that the public interest in freedom of contract is sometimes outweighed by public policy, and in such cases the contract will not be enforced.” Beacon Hill Civic Ass’n v. Ristorante Toscano, Inc., 422 Mass. 318, 321 (1996). We have applied this principle by declining to enforce various contracts that we concluded were contrary to public policy. See, e.g., A.Z. v. B.Z., 431 Mass. 150, 160 (2000) (contracts that “compel [a] donor [of frozen preembryos] to become a parent against his or her will” violate public policy); Liberty Mut. Ins. Co. v. Tabor, 407 Mass. 354, 360-361 (1990) (“a provision in an insurance policy that provides coverage only when there is no liability is void as against public policy”); Osborne v. Osborne, 384 Mass. 591, 599 (1981) (“certain contracts may so unreasonably encourage divorce as to be unenforceable”).
Under our common law of employment, we have held that, in certain limited circumstances, an employer may be held liable for discharging an at-will employee “for a reason that violates clearly established public policy.” Upton v. JWP Businessland, 425 Mass. 756, 757 (1997). See, e.g., Flesner v. Technical Communications Corp., 410 Mass. 805, 810 (1991) (terminating at-will employee for cooperating with United States Customs Service officials who were investigating his employer violates public policy); DeRose v. Putnam Mgt. Co., 398 Mass. 205, 208-211 *666 (1986) (terminating at-will employee for failing to give false testimony against coworker violates public policy).
I do not offer any prediction as to whether this court might invalidate as contrary to public policy a new spendthrift trust created for the sole purpose of decanting the assets from an existing non-spendthrift trust in order to deny the beneficiary’s spouse any equitable distribution of these trust assets. I simply make clear that, in this opinion, we do not decide this issue; we will await a case that presents such an issue before we decide it.
I also note that the Legislatures of at least twenty-five States have codified limitations on decanting from one trust to another by statute.[12] If our Legislature were to choose to enact its own decanting statute, I would urge it to consider the use of decanting presented in this case.

 Alaska Stat. § 13.36.157; Ariz. Rev. Stat. Ann. § 14-10819; Colo. Rev. Stat. §§ 15-16-901 et seq.; Del. Code Ann. tit. 12, § 3528; Fla. Stat. § 736.04117; 760 Ill. Comp. Stat. 5/16.4; Ind. Code § 30-4-3-36; Ky. Rev. Stat. Ann. § 386.175; Mich. Comp. Laws §§ 556.115a, 700.7820a; Minn. Stat. § 502.851; Mo. Rev. Stat. § 456.4-419; Nev. Rev. Stat. § 163.556; N.H. Rev. Stat. Ann. §§ 564-B:4-418, 564-B:4-419; N.M. Stat. Ann. §§ 46-12-101 et seq.; N.Y. Est. Powers & Trusts Law § 10-6.6; N.C. Gen. Stat. § 36C-8-816.1; Ohio Rev. Code Ann. § 5808.18; R.I. Gen. Laws § 18-4-31; S.C. Code Ann. §62-7-816A; S.D. Codified Laws §§55-2-15 to 55-2-21; Tenn. Code Ann. §35-15-816; Tex. Prop. Code Ann. §§ 112.071 et seq.; Va. Code Ann. § 64.2-778.1; Wis. Stat. § 701.0418; Wyo. Stat. Ann. § 4-10-816.